NO. 12-04-00106-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
KEITH SHELTON,                                            §                 APPEAL FROM THE 349TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 HOUSTON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant Keith Shelton was convicted of aggravated assault on a public servant and was
sentenced to sixty years of imprisonment. In one issue, Appellant contends that the evidence in
support of his conviction was factually insufficient. We affirm.
 
Background
            On July 28, 2003, Appellant was indicted for aggravated assault on a public servant;
specifically, that on June 29, 2002, Appellant
 
intentionally, knowingly, and recklessly seriously cause[d] bodily injury to JAYSON N. CROWSON,
by KICKING HIM and the DEFENDANT did then and there know that the said JAYSON N.
CROWSON was then and there a public servant, to-wit: a correctional officer employed by the Texas
Department of Criminal Justice, institutional division, and that the said JAYSON N. CROWSON was
then and there lawfully discharging an official duty, to-wit: MAINTAINING ORDER AND
SECURITY. . . . 





            Following a “not guilty” plea, Appellant’s case went to trial. On June 29, 2002, Crowson said
he was supervising inmates taking showers as part of his duties as a sergeant at the Eastham Unit of
the Texas Department of Criminal Justice-Institutional Division (“TDCJ-ID”). Appellant was one
of those inmates being supervised by Crowson. Crowson stated that he was wearing the uniform of
a prison officer and that he did not know Appellant before June 29. According to Crowson, Appellant
was in the shower area yelling and “being loud.” Inmates are not allowed to be loud and cause
disturbances while in the showers, so Crowson told Appellant to exit the shower. Crowson placed
Appellant in the hallway across from the showers in order to let him calm down. Appellant continued
his “abnormal behavior,” so Crowson reached down to grab Appellant’s hand and place handcuffs
on him. When he reached down, Appellant turned and kicked him in his left leg, and both Crowson
and Appellant “went to the floor,” with Appellant on top of Crowson. 
            Crowson stated that when Appellant kicked him, his left leg “hurt very badly.” After he was
able to get out from underneath Appellant, other officers arrived to assist him. His leg then became
very tender and was “abnormal shaped.” Crowson believed that his leg was broken. He was then
taken by ambulance to Crockett, where doctors diagnosed him as suffering from a broken tibia. The
doctors had to place Crowson under general anesthesia in order to set the break. The doctors first put
a full leg cast on his broken leg for eight weeks and then a fiberglass walking cast that “came up a
little above the knee.” Crowson missed four to five months of work because of the injury. He stated
that he continues to have problems with his leg after physical activity because his ankle swells.    Benjamin Jeffries, an officer at TDCJ-ID, testified that he saw Appellant kick Crowson with his right
foot and strike Crowson in the lower portion of his left leg, thus causing Crowson to fall. Jeffries saw
that as Crowson fell, he grabbed Appellant and pulled Appellant down on top of him. He stated that
several other officers ran to help Crowson and restrained Appellant. Jeffries told Crowson to stand
up, but Crowson responded, “Well, he got my leg. It hurts. I think he broke it.” 
            Jim Garvin, an officer at TDCJ-ID, stated that Appellant was being loud and obnoxious, and
he saw Crowson tell Appellant to stand and face the wall in order to be handcuffed. When Crowson
began putting the handcuffs on him, he saw Appellant “yank away,” turn sideways, and kick Crowson
in the lower left leg. He saw Crowson fall to the floor and drag Appellant on top of him.
            The State rested, and Appellant testified on his own behalf. Appellant stated that he did not
kick Crowson and that Crowson, the nurse, and the surgeon were all lying about Crowson’s leg being
broken. Appellant further asserted that Crowson might have broken his own leg in order to keep from
being sued over the incident.
            At the conclusion of the trial, the jury found Appellant guilty of the offense as charged in the
indictment and sentenced him to sixty years of imprisonment. Appellant now challenges the finding
of guilt in one issue.
 
Factual Sufficiency of the Evidence



            In Appellant’s sole issue on appeal, he contends that the evidence adduced at trial was
factually insufficient to support the jury’s verdict.
Standard of Review
            There is only one question to be answered in a factual-sufficiency review: considering all of
the evidence in a neutral light, was a jury rationally justified in finding guilt beyond a reasonable
doubt? Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). However, there are two ways
in which the evidence may be insufficient. First, when considered by itself, evidence supporting the
verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Second, there may
be both evidence supporting the verdict and evidence contrary to the verdict. Id. Weighing all the
evidence under this balancing scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so the guilty verdict should not stand. Id. at 485. 
This standard acknowledges that evidence of guilt can "preponderate" in favor of conviction but still
be insufficient to prove the elements of the crime beyond a reasonable doubt. Id. Stated another way,
evidence supporting guilt can "outweigh" the contrary proof and still be factually insufficient under
a beyond-a-reasonable-doubt standard. Id.
Analysis
            A person commits the offense of aggravated assault if the person intentionally, knowingly,
or recklessly causes serious bodily injury to another. Tex. Pen. Code Ann. § 22.02(a)(1) (Vernon
Supp. 2004-05). An aggravated assault is a second degree felony; however, the offense becomes a
first degree felony if the offense is committed against a person the actor knows is a public servant
while the public servant is lawfully discharging an official duty. Tex. Pen. Code Ann. § 22.02(b)(2)
(Vernon Supp. 2004-05). “Serious bodily injury” is defined as “bodily injury that creates a substantial
risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of
any bodily member or organ." Tex. Pen. Code Ann. § 1.07(a)(46) (Vernon Supp. 2004-05). The
appellate court must evaluate each case on its facts to determine whether the injury was such as to
allow a fact finder to determine that it met the definition of "serious bodily injury." Moore v. State,
739 S.W.2d 347, 349 (Tex. Crim. App. 1987). 
Analysis
            Appellant contends that the evidence of the causation of Appellant’s injuries was factually
insufficient. Specifically, he contends that the kick alone did not cause Crowson’s broken leg and
that he must have broken it when he fell after being kicked. A person is criminally responsible if the
result would not have occurred but for his conduct, operating either alone or concurrently with
another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct
of the actor clearly insufficient. Tex. Pen. Code Ann. § 6.04(a) (Vernon 2004-05). A person is
nevertheless criminally responsible for causing a result if the only difference between what actually
occurred and what he desired, contemplated, or risked is that 1) a different offense was committed
or 2) a different person or property was injured, harmed, or otherwise affected. Tex. Pen. Code Ann.
§ 6.04(b) (Vernon 2004-05).
            In the instant case, Crowson, Jeffries, and Garvin testified that they saw Appellant kick
Crowson and that the kick caused Crowson to fall. Whether the fall or Appellant’s foot caused
Crowson’s leg to break is immaterial because but for Appellant’s conduct, Crowson’s leg would not
have broken. Crowson also testified that his injury forced him to miss work for four to five months
and that he still had substantial impairment from the injury.


 The only evidence in contrast is
Appellant’s own testimony that he did not kick Crowson. The determination of witness credibility
is the province of the jury. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). Therefore,
the jury could disbelieve Appellant’s version of the incident. Consequently, we hold that the evidence
was factually sufficient to support the finding of Appellant’s guilt of the elements of aggravated
assault on a public servant beyond a reasonable doubt. Appellant’s sole issue is overruled.
 
Conclusion
            The evidence adduced at trial was factually sufficient to support Appellant’s conviction for
the offense of aggravated assault on a public servant. Accordingly, the judgment of the trial court is
affirmed.
 
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered September 7, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
(DO NOT PUBLISH)